**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

WILLIE TRAYLOR and LAKEILA WILEY,       )
                                        ) Cause No. 1:26-cv-00376
        Plaintiff,                      )
                                        )
    v.                                   )
                                        )
CONSOLIDATED CITY OF INDIANAPOLIS       )
AND MARION COUNTY,                      )
OFFICER DAVID CAIN,                     )
OFFICER JEREMIAH LOKAN,                 )
OFFICER AARON YEARY,                    )
OFFICER ANDREW SAUNDERS,                )
and OFFICER DALTON ANDERSON,            )
                                        )
        Defendants.                     )

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiffs Willie Traylor and Lakeila Wiley, by counsel, complaining of

Defendants Consolidated City of Indianapolis and Marion County, Officer David Cain, Officer

Jeremiah Lokan, Officer Aaron Yeary, Officer Andrew Saunders, Officer Dalton Anderson, and

states to the Court as follows:

**JURISDICTION**

1.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 42

U.S.C. § 1983.

2.     Venue is proper under 28 U.S.C. § 1391 in that the acts and omissions of Defendants giving

rise to this action occurred in the county of Marion, within the Southern District of Indiana.

3.     Plaintiffs' federal and state law claims are part of the same controversy and, therefore,

constitute a common nucleus of operative fact necessitating the exercise of supplemental

jurisdiction under 28 U.S.C. § 1367(a).

1

**THE PARTIES**

4.    Plaintiff Willie Traylor ("Willie") is an individual and resides in Marion County, Indiana.

5.    Plaintiff Lakeila Wiley ("Lakeila") is an individual and resides in Marion County, Indiana.

6.    Willie and Lakeila are husband and wife.

7.    Willie and Lakeila may hereinafter be collectively referred to as "Plaintiffs".

8.    Defendant Consolidated City of Indianapolis and Marion County (hereinafter "Indianapolis") is a municipal government entity located in Marion County, Indiana, which maintains and operates the Indianapolis Metropolitan Police Department (hereinafter "IMPD").

9.    At all relevant times, Defendant Officer David Cain (hereinafter "Officer Cain") was employed as a police officer with IMPD.

10.    At all relevant times, Defendant Officer Jeremiah Lokan (hereinafter "Officer Lokan") was employed as a police officer with IMPD.

11.    At all relevant times, Defendant Officer Aaron Leary (hereinafter "Officer Leary") was employed as a police officer with IMPD.

12.    At all relevant times, Defendant Officer Andrew Saunders (hereinafter "Officer Saunders") was employed as a police officer with IMPD.

13.    At all relevant times, Defendant Officer Dalton Anderson (hereinafter "Officer Anderson") was employed as a police officer with IMPD.

14.    All named defendants may collectively be referred to as "Defendants".

**FACTUAL ALLEGATIONS**

15.    At or around midnight on or around April 15, 2025, Defendants knocked on the door of Plaintiffs' apartment door waking Plaintiffs from their sleep.

2

16. When Plaintiffs opened the door, Defendants already had their guns drawn.

17. Defendants told Plaintiffs that they were looking for someone named Jaylen to which Plaintiffs responded that no one named Jaylen resided at their apartment.

18. Plaintiffs' son, Brandon Wiley (hereinafter "Brandon"), then came to the door and Defendants asked him to step outside the apartment, which he did.

19. Defendants then arrested Brandon and walked him downstairs and out of the apartment building to a squad car for questioning.

20. After Defendants exited the building with Brandon, Plaintiffs exited their apartment and descended the interior stairs of their building to watch through the door window what was happening outside.

21. Plaintiffs then witnessed Officer Cain barricading the door to prevent them from exiting the building.

22. Willie then turned to walk back upstairs to his apartment while Lakeila remained standing by the door.

23. Neither Willie nor Lakeila exited the apartment building.

24. Neither of the Plaintiffs acted aggressively or tried to force the door open.

25. Neither of the Plaintiffs interfered with any police investigation.

26. Indeed, Lakeila and Willie were both inside the apartment building while Defendants and all other police officers conducted their investigation outside.

27. Without cause or provocation, Officer Anderson then opened the door, entered the apartment building with handcuffs in his hand, and confronted Lakeila.

28. Without providing any reason, Officer Anderson then commanded Lakeila to put her hands behind her back.

3

29. As this was happening, Willie began walking back downstairs and Officer Cain entered the building.

30. Officer Anderson then grabbed Lakeila by the arm and slammed her against the iron staircase railing, elbowing her in the head multiple times as Officer Cain grabbed her other arm.

31. Officers Anderson and Cain then slammed Lakeila against the wall.

32. As this was happening, Officers Saunders and Yeary reentered the apartment building.

33. Officers Saunders and Yeary violently grabbed Willie and pressed him downward onto the stairs.

34. After Officer Cain dragged Lakeila out of the building in handcuffs, Officer Anderson joined Officers Saunders and Yeary as they handcuffed Willie and forcibly carried him out of the building.

35. Plaintiffs received physical injuries as a direct result of Defendants' use of physical force, including, but not limited to, swelling, a busted lip, bruising, a broken elbow, and a possible concussion.

36. Defendants then transported Plaintiffs to the Marion County Jail, where they were never provided any medical treatment for their injuries.

37. Willie was eventually released from jail three days later, after which Plaintiffs went to the hospital for treatment for their injuries.

38. At no time did Defendants have a warrant or probable cause for Plaintiffs' arrest.

39. At no time did Defendants have probable cause or reasonable suspicion to seize Plaintiffs or apply any physical force against them.

40. On April 16, 2025, Officer Lokan drafted, executed, and submitted an Affidavit for Probable Cause.

41. Upon information and belief, Officer Lokan knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created falsehoods in his Probable Cause Affidavit.

42. Upon information and belief, Officer Lokan intentionally made specific false statements and omissions in his Probable Cause Affidavit regarding the reason for seizing and arresting Plaintiffs.

43. Officer Lokan specifically omitted in the Probable Cause Affidavit that both Lakeila and Willie both remained inside the apartment building and never followed Defendants outside.

44. Officer Lokan specifically omitted in the Probable Cause Affidavit that it was Defendants who reentered the apartment building and confronted Plaintiffs.

45. Officer Lokan specifically omitted in the Probable Cause Affidavit the use of force that Officers Anderson, Cain, Saunders, and Yeary used against Plaintiffs.

46. In his Probable Cause Affidavit, Officer Lokan falsely stated that Lakeila and Willie interfered with a police investigation.

47. Officer Lokan falsely stated that Lakeila stepped in front of Officer Anderson's face.

48. Officer Lokan falsely stated that Willie hit Officer Cain in the head and upper back.

49. Video of the incident, including body cam video that was immediately available to Defendants, clearly showed that Officer Lokan's statements were false and that he omitted several essential facts from the incident.

50. Officer Lokan's false statements and intentional omissions in his Probable Cause Affidavit were clearly a pretext to justify Defendants' unconstitutional use of force and seizure of Plaintiffs.

51. As a result of Officer Lokan's false affidavit, criminal charges were filed against both Plaintiffs; however, the charges against Lakeila were dismissed the same week, and the charges against Willie were later dismissed on September 17, 2025.

52. Due to Defendants' intentional acts and omissions, Plaintiffs suffered economic and non-economic damages, including, but not limited to, physical harm, emotional distress, lost wages, and loss of housing.

## COUNT I: BATTERY

### (Indianapolis)

53. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2).

54. At all relevant times, Officers Cain, Lokan, Yeary, Saunders, and Anderson were acting within the scope of their employment with Indianapolis as police officers

55. While acting within the scope of their employment with Indianapolis, Officers Cain, Yeary, Saunders, and Anderson touched Plaintiffs in a rude, insolent, and angry manner, without any justification or permission.

56. Officers Cain, Yeary, Saunders, and Anderson intentionally touched Plaintiffs in a harmful and offensive manner, without Plaintiffs' consent.

57.    Due to Defendants' intentional acts and omissions, Plaintiffs suffered economic and non-economic damages, including, but not limited to, physical harm, emotional distress, lost wages, and loss of housing.

## COUNT II: FALSE ARREST

### (Indianapolis)

58.    Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2).

59.    At all relevant times, Officers Cain, Lokan, Yeary, Saunders, and Anderson were acting within the scope of their employment with Indianapolis as police officers.

60.    While acting within the scope of their employment with Indianapolis, Officers Cain, Lokan, Yeary, Saunders, and Anderson arrested Plaintiffs without a warrant or probable cause.

61.    Defendants' actions against Plaintiffs constituted false arrest.

62.    Due to Defendants' intentional acts and omissions, Plaintiffs suffered economic and non-economic damages, including, but not limited to, physical harm, emotional distress, lost wages, and loss of housing.

## COUNT III: FALSE IMPRISONMENT

### (Indianapolis)

63.    Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a

7

factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2).

64. At all relevant times, Officers Cain, Lokan, Yeary, Saunders, and Anderson were acting within the scope of their employment with Indianapolis as police officers.

65. Defendants committed errors and omissions when they seized and arrested Plaintiffs without probable cause.

66. Defendants' errors and omissions resulted in Plaintiffs being unlawfully imprisoned at the Marion County Jail.

67. Defendants' actions constitute false imprisonment under Indiana state law.

68. By wrongfully arresting Plaintiffs without lawful justification, Defendants falsely and unlawfully imprisoned Plaintiff and directly caused Plaintiff to suffer economic and non-economic damages.

69. Due to Defendants' intentional acts and omissions, Plaintiffs suffered economic and non-economic damages, including, but not limited to, physical harm, emotional distress, lost wages, and loss of housing.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Indianapolis)

70. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2).

71. At all relevant times, Officers Cain, Lokan, Yeary, Saunders, and Anderson were acting within the scope of their employment with Indianapolis as police officers.

72.  At all relevant times, Officers Cain, Lokan, Yeary, Saunders, and Anderson were acting within the scope of their employment with Indianapolis as police officers seized, arrested, detained, and used excessive force against Plaintiffs even though there was no probable, reasonable suspicion, or other cause for Plaintiffs; arrest.

73.  Defendants' actions constituted extreme and outrageous conduct that constitutes intentional or reckless severe emotional harm to Plaintiffs.

74.  Due to Defendants' intentional acts and omissions, Plaintiffs suffered economic and non-economic damages, including, but not limited to, physical harm, emotional distress, lost wages, and loss of housing.

### COUNT V: FOURTH AMENDMENT –EXCESSIVE FORCE

**(Officers Cain, Yeary, Saunders, and Anderson
in their individual capacities)**

75.  Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2).

76.  The Fourth Amendment provides that people shall be secure in their persons against the use of excessive force.

77.  At all relevant times, Officers Cain, Yeary, Saunders, and Anderson were acting within the scope of their employment, while on duty, and under color of law, as law enforcement officers with IMPD.

78.  Officers Cain, Yeary, Saunders, and Anderson's actions and omissions in using excessive force against Plaintiffs constituted a violation and deprivation of Plaintiffs' rights under the Fourth Amendment.

9

79. During the course of the arrests, Officers Cain, Yeary, Saunders, and Anderson used force against Plaintiffs that was unnecessary, excessive, and not reasonably connected to any legitimate law enforcement purpose.

80. Officers Cain, Yeary, Saunders, and Anderson knew, or should have known, that their acts and/or omissions would likely result in a violation of Plaintiffs' Fourth Amendment rights.

81. Due to Defendants' intentional acts and omissions, Plaintiffs suffered economic and non-economic damages, including, but not limited to, physical harm, emotional distress, lost wages, and loss of housing.

### COUNT VI: FOURTH AMENDMENT –UNLAWFUL SEIZURE

**(Officers Cain, Lokan, Yeary, Saunders, and Anderson
in their individual capacities)**

82. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2).

83. The Fourth Amendment provides that people shall be secure in their persons against unreasonable searches and seizures.

84. At all relevant times, Officers Cain, Lokan, Garcia, Yeary, Saunders, and Anderson were acting within the scope of their employment, while on duty, and under color of law, as a law enforcement officers with IMPD.

85. Defendants did not have a warrant to arrest Plaintiffs.

86. Defendants had no probable cause to seize Plaintiffs.

87. Defendants had no probable cause for Plaintiffs' arrest.

88. Defendants had no reasonable suspicion to believe that Plaintiffs were engaging in criminal behavior.

89. Officers Cain, Lokan, Yeary, Saunders, and Anderson's actions and omissions in unlawfully seizing Plaintiffs and placing them under arrest without probable cause constituted a violation and deprivation of Plaintiffs' rights under the Fourth Amendment.

90. Officers Cain, Lokan, Yeary, Saunders, and Anderson knew, or should have known, that their acts and/or omissions would likely result in a violation of Fourth Amendment rights of innocent persons.

91. Due to Defendants' intentional acts and omissions, Plaintiffs suffered economic and non-economic damages, including, but not limited to, physical harm, emotional distress, lost wages, and loss of housing.

**COUNT V: MAKING FALSE OR MISLEADING STATEMENTS IN SUPPORT OF A PROBABLE CAUSE AFFIDAVIT PURSUANT TO SECTION 1983**

**(Officer Lokan in his individual capacity)**

92. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2).

93. Defendants did not have probable cause to seize or use any physical force against Plaintiffs.

94. Defendants did not have probable cause to arrest Plaintiffs.

95. Defendants did not have reasonable suspicion to believe that Plaintiffs were engaging in any illegal activity.

96.   Upon information and belief, Officer Lokan knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created falsehoods in his probable cause affidavit.

97.   Upon information and belief, Officers Lokan intentionally made specific false statements and omissions in his probable cause affidavit regarding the reason for seizing and arresting Plaintiffs.

98.   Upon information and belief, Officer Lokan intentionally made specific false statements and omissions in the probable cause affidavits regarding Plaintiffs interfering with a police investigation and their noncompliance with orders.

99.   In his Probable Cause Affidavit, Officer Lokan falsely states that:

   a.   Lakeila and Willie interfered with a police investigation

   b.   Lakeila stepped in front of Officer Anderson's face.

   c.   Willie began hitting Officer Cain in the head and upper back.

100.  No corrected affidavit would have shown that there was probable cause for Officers Cain, Lokan, Yeary, Saunders, and Anderson to seize Plaintiffs, arrest Plaintiffs, or use any physical force against Plaintiffs.

101.  Due to Defendants' intentional acts and omissions, Plaintiffs suffered economic and non-economic damages, including, but not limited to, physical harm, emotional distress, lost wages, and loss of housing.

**PRAYER FOR RELIEF**

Plaintiffs pray that a judgement be entered on their behalf and against Defendants on all Counts of this Complaint.

12

## RESERVATION OF RIGHTS

Plaintiffs reserve the right to proceed with any and all claims which the facts averred in this complaint support, pursuant to the notice pleading requirement of F.R.C.P. 8.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment in favor of them on all counts of this Complaint, award them compensatory damages and punitive damages as well as litigation costs, and grant them such other and further relief as this Court deems just under the circumstances, including, but not limited to, a public apology, attorney's fees, and pre and post- judgment interest.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable.

Date: February 24, 2026

s/ Andrea Ciobanu
Andrea Ciobanu, Attorney #28942-49
CIOBANU LAW, P.C.
902 E. 66th Street
Indianapolis, IN 46220
Telephone:    (317) 495-1090
Facsimile:    (866) 841-2071
Website:    ciobanulaw.com
Email:    aciobanu@ciobanulaw.com